IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY VONE CAIBY,    : | |
|     Plaintiff,    : | |
| : | |
| v.    : | CIVL ACTION NO. 20-CV-2674 |
| : | |
| TAMMY FERGUSON,    : | |
|     Defendant.    : | |

## MEMORANDUM

Plaintiff Anthony Vone Caiby, proceeding *pro se*, has paid the required filing fee in this this civil action in accordance with this Court's prior Order. He has also filed an Amended Complaint (ECF No. 8)[1] which serves as the operative pleading in this case. *See Shahid v.*

---

[1] Caiby's original Complaint was in the form of a letter addressed to Kate Barkman, Clerk of this Court. (ECF No. 2 at 1.). In its entirety, the original Complaint stated as follows:

> **RE: Caiby V. MCDA 153MM 2020 Application for the Reconsideration of a Petition for Allowance of Appeal**
>
> Dear Madam Clerk:
>
> Enclosed is a civil complaint, an Unconstitutional Policy/Custom/Pattern failure to train or discipline, Retaliation, State Created Danger, and Creul [sic], and Unusual Punishment Failure to Protect, Deliberate Indifference. Note all of this information was gleaned in my undercover capacity as **3434, 348-74-81, 7711. 702** please call **(202) 649-6611** all ext's, and **(404) 778-6392, 348-3492, (202) 739-6611** all ext's to verify. **(202) 646-7711 ext's, and (484) 770-6994**, thank you very much have a nice day.
>
> Respectfully,

(*Id.*) (emphasis in original). Attached to the original Complaint were two "Final Appeal Decision Dismissal" forms, for grievance numbers 838224 and 838234. (*Id.* at 2 and 3.) The nature of the grievances was not described, but in both cases, Caiby's appeal was denied because it "was not submitted within fifteen (15) working days after the events upon which claims are based." (*Id.*) The Complaint asserted no facts, identified no Defendants, and described no

*Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)).  Because the Amended Complaint does not state a plausible claim, it will be dismissed in part with prejudice and in part without prejudice, and Caiby will be granted leave to file a second amended complaint.

I.    FACTUAL ALLEGATIONS[2]

Caiby previously pursued litigation in this Court, *see Caiby v. Wetzel, et al.*, Civ. A. No. 19-860, and that case was dismissed because Caiby failed to timely file a motion for leave to proceed *in forma pauperis*.  (ECF No. 8 at 2.)[3]  Caiby allegedly filed a grievance related to this dismissal, because he had other litigation pending in this Court at the time, *see Caiby v. Ferguson*, Civ. A. No. 19-423.[4]  (*Id.*)  Caiby allegedly wrote to "appropriate people in the jail about this," but received no response from the grievance system put in place by the Pennsylvania Department of Corrections.  As a result, he asserts he "missed out" on a non-frivolous action, in violation of his First Amendment and Equal Protection rights.  (*Id.*)

Caiby also alleges that legal paperwork was stolen from his cell, and that he pursued a grievance to redress this.  (*Id.* at 2-3.)  He alleges that a new mail policy was implemented in the prison in the Fall of 2018, but no personnel are trained in it and the system is susceptible to

---

events or conduct that could give rise to a claim based on any of the legal theories advanced.  Moreover, it requested no relief.

[2] The facts set forth in this Memorandum are taken from Caiby's Amended Complaint.

[3] The Court adopts the pagination assigned by the CM/ECF docketing system.

[4] Review of the docket reflects that the referenced case was dismissed as factually frivolous and for failure to state a claim.  *Caiby v. Ferguson*, Civ. A. No. 19-423, ECF Nos. 17 & 18.  The case is currently on appeal.  (*Id.* at No. 21.)

fraud. (*Id.* at 3.) Caiby states that, upon discovery, he will have sufficient proof to entitle him to relief in this case. Caiby does not identify any Defendants, and does not describe the relief he requests.[5]

## II.   STANDARD OF REVIEW

Although Caiby has paid the filing fee in full, the Court has the authority to screen his Amended Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal

---

[5] It appears that the Clerk of Court captioned this case with Tammy Ferguson as the Defendant because her name is listed as the Defendant on Caiby's motion to proceed *in forma pauperis*. (*See* ECF No. 1.) There is no specific allegation against Ferguson in the Amended Complaint.

Rule of Civil Procedure 12(b)(6).  *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Accordingly, the Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  As Caiby is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief."  A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).  This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."  *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

**III.     DISCUSSION**

Although it is not entirely clear, Caiby appears to raise constitutional claims in his Amended Complaint.  The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Read liberally, Caiby's Amended Complaint seeks unidentified relief as a result of the dismissal of prior litigation, stolen personal property, an allegedly inadequate grievance system, and a new mail policy to which he seems to object, although he ascribes no injury to its implementation. However, he has failed to identify a defendant or defendants who violated his constitutional rights.

Even if Caiby had named a proper state actor defendant subject to liability under § 1983, his claims are still not plausible. Caiby alleges he lost a non-frivolous case due to problems with the with the prison mail system, which the Court interprets as a First Amendment access to court claim. "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*. As noted, the dismissal of his prior case is on appeal. To the extent Caiby is due any relief, it is possible he may attain it in our Court of

Appeals. However, since his appeal is pending, his claim that he lost a non-frivolous claim is not plausible.

Caiby also asserts his property was stolen. A prisoner in Pennsylvania cannot state a constitutional claim based on the loss of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson*, 468 U.S. at 533)); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Therefore, the facts alleged by Caiby about lost personal property do not give rise to a plausible basis for a constitutional claim.

Caiby also appears to allege a claim based on the handling of his grievance by prison officials. Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Caiby about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Caiby's claim about the prison grievance system with prejudice. The balance of the claims in the Amended Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Caiby will be permitted to file a second amended complaint with regard to any claim not


dismissed with prejudice to attempt to cure the defects noted above.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

**October 26, 2020**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**

7